UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CANDICE M. o/b/o L.B.,

                Plaintiff,

v.                                              1:20-CV-1076
                                                     (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     CORINNE MANFREDI, ESQ.
  Counsel for Plaintiff                          KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.              SERGEI ADEN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 18.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.     RELEVANT BACKGROUND**

### A.  Factual Background

Claimant was born in 2011. (T. 96.) She was a preschooler at the time of application and a school-age child at the date of the hearing. (T. 28.) Generally, Claimant's alleged disability consists of learning disability, attention deficit hyperactivity disorder ("ADHD"), sensory issues, and speech issues. (T. 214.) Her alleged disability onset date is August 9, 2016. (T. 96.)

### B.  Procedural History

On August 9, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on behalf of Claimant, a minor. (T. 96.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On June 7, 2019, Plaintiff appeared before the ALJ, William M. Manico. (T. 47-74.) On July 11, 2019, ALJ Manico issued a written decision finding Claimant not disabled under the Social Security Act. (T. 22-46.) On June 26, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C.  The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law. (T. 28-42.) First, the ALJ found Claimant was a preschooler on the date of application and a school-age child at the date of the hearing. (T. 28.) Second, the ALJ found Claimant had not engaged in substantial gainful activity since the application date. (*Id.*) Third, the ALJ found Claimant had the severe impairments of: attention deficit hyperactivity disorder ("ADHD"), learning disorder ("LD"), and anxiety

disorder.  (*Id.*)  Fourth, the ALJ found Claimant did not have an impairment that meets or medically equals one of the Listings.  (T. 28-34.)  Fifth, the ALJ found Claimant did not have an impairment or combination of impairments that functionally equaled an impairment set forth in the Listings.  (T. 34-41.)  Sixth, and finally, the ALJ concluded Claimant had not been disabled, as defined by the Social Security Act, since August 9, 2017, the date her application was filed.  (T. 41.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings.  Plaintiff argues the ALJ's determinations in the domains of acquiring and using information and attending and completing tasks were erroneous and not supported by substantial evidence.  (Dkt. No. 14 at 10-18.)

### B.   Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues Claimant was not disabled under the Act because her impairments did not functionally equal a listed impairment.  (Dkt. No. 16 at 14-21.)

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  See *Johnson v. Bowen*,

817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner],

4

even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.   Standard to Determine Disability

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. § 416.924.

At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. 20 C.F.R. § 416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe." *Id.* § 416.924(c). If the child does not have a severe impairment(s), he or she is not disabled. *Id.* If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* § 416.924(d). In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being. *Id.* § 416.926a(b)(1)(i)-(vi). To functionally equal the

Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(a). A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3).

If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled. 20 C.F.R. § 416.924(d).

## IV.   ANALYSIS

In general, Plaintiff argues "the evidence of record and even the evidence cited by the ALJ when discussing both domains of Acquiring and Using Information and Attending and Completing Tasks demonstrates at least marked limitations." (Dkt. No. 14 at 16.) Plaintiff asserts that Claimant's teachers reported "very serious" or "serious" problems in the two domains and therefore "it most logically follows that given the plethora 'very serious' and 'serious' findings of the *multiple* teacher questionnaires, at the very least [Claimant] has marked limitations in the domains of Acquiring and Using Information and Attending and Completing Tasks." (*Id.*)

Plaintiff appears to argue the teachers' assessments of "serious" or "very serious" problems in their questionnaires necessarily equate to "marked" or "extreme" limitations, based on the definitions of those limitations in the regulations. (Dkt. 14 at 16 (citing 20

6

C.F.R. § 416.926a(e))).  However, Plaintiff's inference is misplaced and without legal authority.

A teacher opinion that a claimant has some limitations within a domain is not necessarily inconsistent with an ALJ's conclusion that those limitations were "less than marked."  *Smith v. Colvin*, No. 13-CV-6143P, 2015 WL 1119983, at *16 (W.D.N.Y. Mar. 12, 2015) (collecting cases); *see Sally M. o/b/o C.B. v. Comm'r of Soc. Sec.*, No. 20-CV-6210, 2021 WL 1783007, at *3 (W.D.N.Y. May 5, 2021) (assessments of "serious" and "very serious" problems in a domain are not necessarily inconsistent with an ALJ's conclusion that the child's limitations were "less than marked"); *see Melissa C. o/b/o M.C. v. Kijakazi*, No. 20-CV-0885L, 2022 WL 167534, at *3 n2 (W.D.N.Y. Jan. 18, 2022) (although the teacher questionnaires noting "serious" and "very serious" problems *could* be read to support a marked or extreme limitation, they do not, by themselves, compel such a finding); *see Spruill ex rel. J.T. v. Astrue*, No. 6:12-CV-6060, 2013 WL 885739, at *8 (W.D.N.Y. Mar. 8, 2013) (Plaintiff infers that a finding of a "serious" problem in a particular skill area in a domain of functioning should be equated with a "marked" limitation. However, Plaintiff has not cited, and the Court has not found, any cases or other legal authority directly supporting this proposition.").

For the reasons outlined below, the ALJ properly assessed Claimant's limitations within the domains of attending and completing tasks and acquiring and using information and substantial evidence supported the ALJ's determinations.

### A. Domain of Attending and Completing Tasks

Plaintiff argues substantial evidence did not support the ALJ's "less than marked" finding in the domain of attending and completing tasks because the ALJ failed to

mention or acknowledge teacher opinion evidence that Claimant had "very serious" problems in this domain. (Dkt. No. 14 at 13.) Further, Plaintiff argues the ALJ failed to cite any evidence that would lead to the conclusion of less than marked limitations. (*Id*. at 14.)

In the domain of "attending and completing tasks," an ALJ will consider a child's ability to focus and maintain attention, and to begin, carry through, and finish activities or tasks. SSR 09-4p (S.S.A. Feb. 18, 2009); 20 C.F.R. § 416.926a(h).

The ALJ concluded Claimant had "less than marked" limitation in attending and completing tasks. (T. 37.) In making his determination, the ALJ considered Plaintiff's testimony that Claimant had difficulty concentrating on tasks, problems following instructions, and problems with memory skills. (*Id*.) Further, the ALJ relied on special education teacher Ms. Wypij's, November 2017 questionnaire. (*Id*.) As noted by the ALJ, Ms. Wypij indicated Claimant required verbal prompts and cues to focus and had difficulty working without distracting others. (T. 37, 242.) As noted by the ALJ, Ms. Wypij found Claimant had "no more than slight problems" in this domain. (T. 37, 242.)

Contrary to Plaintiff's assertion, the ALJ properly discussed Ms. Bley's teacher questionnaire. (Dkt. No. 14 at 13 ("the ALJ failed to even mention or acknowledge a single one of the "very serious" problems that were opined by Ms. Bley when discussing this teacher questionnaire within the context of the domain".)) The ALJ specifically considered Ms. Bley's statement that Claimant had "very serious problems" in this domain and required extra support to complete tasks, as well as prompts to stay on tasks. (T. 37.) Indeed, in October of 2018, Ms. Bley indicated that of the thirteen listed

8

activities in the domain of attending and completing tasks Claimant had "a very serious problem" in five activities and "a serious problem" in five activities. (T. 262.)

Ms. Bley completed another questionnaire in May 2019. (T. 307-314.) In the domain of attending and completing tasks, Ms. Bley indicated Claimant had no "very serious problems." (T. 309.) She indicated Claimant had "serious problem" in two of the thirteen activities listed. (T. 309.) Ms. Bley wrote Claimant needed more time and directions repeated to complete assignments accurately and completely. (*Id*.) Ms. Bley also indicated in her questionnaire that Claimant had "grown and matured so much" during the 2018/2019 school year. (T. 314.)

The ALJ noted Claimant's 2019/2020 individual education plan ("IEP"), which stated Claimant was able to "attend to instruction;" however, "at times" she was defiant and did not want to complete assignments that were challenging. (T. 281.) It was further noted in the IEP, that Claimant could be re-directed after positive encouragement. (*Id*.) In the area of social development, Claimant was noted to be able to attend to instruction and complete tasks independently and "in the past, [Claimant] would act like she didn't understand directions so that she did not have to complete work on her own[; however,] this behavior has decreased significantly." (T. 282.) Claimant did have days where she needed encouragement to complete work and not argue with peers. (*Id*.)

Lastly, the ALJ evaluated the opinion provided by the State agency medical examination, B. Stouter, M.D. and concluded the opinion was "greatly persuasive." (T. 34.) Dr. Stouter concluded Claimant had a "less than marked' limitation in the domain of attending and completing tasks. (T. 91.) In making his evaluation the doctor

9

considered Claimant's diagnosis and treatment for ADHD and Claimant's IEP which allotted movement breaks and on-task focusing prompts.  (*Id.*)

Although Plaintiff asserts Ms. Bley's evaluation equates to a finding of marked limitation, under the substantial evidence standard it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record.  *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).

In concluding Claimant has a less than marked limitations in this domain, the ALJ properly relied on evidence in the record including Dr. Stouter's opinion, teacher questionnaires, school records, and Plaintiff's testimony; therefore, substantial evidence supports the ALJ's determination.

**B.  Domain of Acquiring and Using Information**

Plaintiff argues the ALJ erred in concluding Claimant had less than marked limitation in the domain of acquiring and using information because the ALJ cited "many findings that are supportive of a marked limitation in this domain." (Dkt. No. 14 at 12.) Plaintiff also argues the ALJ's decision failed to contain the ALJ's complete analysis. (*Id.*)

In general, the domain of "acquiring and using information," an ALJ will consider a child's ability to learn information and to think about and use the information. SSR 09-3p (S.S.A. Feb. 17, 2009); 20 C.F.R. § 416.926a(g). Examples of typical functioning in this domain for preschool children include: developing readiness skills needed for learning to read, do math, and write; follows several unrelated directions; and beginning to under the order of daily routines. SSR 09-3p. Examples of typical functioning in this domain in school-age children include: learning to read, write and do simple arithmetic; becoming interested in new subjects; demonstrating learning by producing oral and written projects, solving arithmetic problems, taking tests, doing group work, and entering into class discussions; applying learning in daily activities at home and in the community; and using increasingly complex language. *Id*. The ALJ concluded Plaintiff had "less than marked" limitation in this domain. (T. 35.)

To be sure, the ALJ's written analysis is incomplete. After outlining teacher questionnaires and Claimant's IEP the ALJ concluded: "Despite her issues however, staff noted that the claimant"; however, the ALJ did not complete the statement. (T. 36.) The ALJ went on to state "based on the evidence, I find that the claimant has no more than less than marked restrictions in this domain." (*Id.*)

Defendant argues the ALJ's error is an "immaterial scrivener's error" and the ALJ's analysis of the evidence elsewhere in his decision supports his less than marked conclusion in the domain. (Dkt. No. 16 at 17.) This Court agrees. The ALJ's reasoning for concluding Claimant had less than marked limitation in acquiring and using information can be obtained from reading the ALJ's decision.

In making his determination, the ALJ relied on Claimant's school records indicating she required one-on-one interactions and small group learning. (T. 35.) The ALJ noted Claimant's first grade teacher's reported progress, but added Claimant still required a high level of repetition and explicit instructions. (*Id*.) The ALJ relied on Ms. Bley's assessment that Claimant had problems completing tasks independently due to difficulty with reading. (*Id*.) The ALJ also relied on Claimant's IEP which contained language testing that showed core language, receptive language, and language structure skills were in the average range. (T. 36.) The ALJ noted Claimant's expressive language and language content skills were in the borderline/marginal range. (*Id*.)

Indeed, in October 2018, Ms. Bley indicated Claimant had "a serious problem" or "a very serious problem" in all activities under the domain of acquiring and using information. (T. 261.) Ms. Bley stated Claimant was "not able to independently complete tasks due to inattention issues and inability to read and understand written words." (*Id*.) In May 2019, Ms. Bley indicated Claimant had no "very serious problems" in the domain; however, she had "a serious problem" in five of the ten domain activities and "a moderate problem" in five of the ten domain activities. (T. 308.) She noted

Claimant received extra support in the classroom and needed extra help completing tasks involving whole group instruction.  (*Id.*)

As outlined herein, a teacher's opinion that a child has serious or very serious limitations in one or more areas of a functional domain does not necessarily translate to a marked limitation in that domain, particularly where, as here, medical opinion evidence indicates lesser limitations.  *Sabrina J. J. o/b/o T.I.J. v. Kijakazi*, No. 20-CV-1327L, 2022 WL 409571, at *3 (W.D.N.Y. Feb. 10, 2022).

In addition to teacher evidence, Claimant's IEP contained testing results from a 2017 speech-language evaluation (CELF-5).  (T. 380-384.)  As noted by the ALJ, Claimant's core language, receptive language, and language structure results were in the average range.  (T. 381.)  Claimant's expressive language and language content skills were in the borderline/marginal range.  (*Id.*)

The ALJ found Dr. Stouter's opinion greatly persuasive and his opinion supports the ALJ's determination in this domain.  (T. 34.)  Dr. Stouter concluded Claimant had less than marked limitations in the domain of acquiring and using information.  (T. 91.)  The doctor relied on Claimant's 2018-2019 IEP and speech-language evaluation (CELF-5).  (*Id.*)  Further, the ALJ noted in his decision that Plaintiff indicated in a functional report Claimant could ask questions, use complete sentences, take part in conversations, and talk about things and activities.  (T. 33, 206.)  The ALJ also noted that examinations showed treating staff observed Claimant's speech to be within normal limits.  (T. 33, 655.)  Therefore, although the ALJ's actual analysis in this domain omitted actual citation to the record, the ALJ's reasoning can be gleaned from the

remainder of his written decision and substantial evidence in the record supports the ALJ determination in this domain.

In the alternative, any error would be harmless. Even if Claimant had marked limitations in the domain of acquiring and using information Claimant would still be found not disabled, because a marked limitation in one domain still does not alter the outcome of the disability claim. *See* 20 C.F.R. §§ 416.926a(a), 416.926a(d); *Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 75 (2d Cir. 2009) ("Congress made clear that children should not qualify for benefits . . . unless they have at least two marked limitations . . . ."). Substantial evidence supports the ALJ's determination of less than marked limitation in the domain of attending and completing tasks, and neither party disputes the ALJ's findings of less than marked limitation and no limitation in the remaining domains. Therefore, even if Claimant had marked limitations in this domain, she would still be found not disabled under the Act.

Overall, the ALJ properly assessed medical and other opinion evidence in the record in making his determination. Although teachers indicated Claimant had very serious and/or serious limitations in various domain activities, such limitations do not equate to a finding of marked limitation. Although a portion of the ALJ's discussion in the domain of acquiring and using information was omitted from his written decision, the ALJ's reasoning for finding Claimant had less than marked limitations in the domain could be gleaned from the decision as a whole.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:     March 3, 2022

*/s/ Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge